HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY SNELL,<br><br>                          Plaintiff,<br><br>        v.<br><br>NORTH THURSTON SCHOOL<br>DISTRICT, et al.,<br><br>                          Defendants. | CASE NO. C13-5786 RBL<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR PARTIAL<br>SUMMARY JUDGMENT<br><br>DKT. #22 |

## I.    BACKGROUND

THIS MATTER is before the Court on Plaintiff Wendy Snell's motion for partial

summary judgment on liability [Dkt. #22]. Snell is suing the North Thurston School District and

Dr. Marilyn de Give, the school district's Executive Director of Student Support Services, on her

own behalf, and on behalf of S.Y., her minor daughter. S.Y. is an insulin-dependent brittle

diabetic with developmental delays, kidney disease, and profound hearing loss in her right ear.

Snell alleges that the school district and Dr. de Give discriminated against S.Y. by not

accommodating her disabilities. She brings discrimination claims under Section 504 of the

Rehabilitation Act, Title II of the Americans with Disabilities Act, and the Washington Law

Against Discrimination.

1    Snell has already prevailed on her IDEA claim in a different proceeding. In 2013, an

2    administrative law judge determined that the school district had failed to provide S.Y. with a free

3    appropriate public education ("FAPE") as required by the IDEA and awarded her compensatory

4    education. Specifically, the ALJ found that S.Y. did not receive a FAPE because the school

5    district had failed to provide her with a qualified person to monitor her blood sugar while at

6    school, a functioning voice amplifier, or an appropriate behavior intervention plan. After holding

7    a hearing, this Court affirmed the ALJ's decision in April of 2014. *See Snell v. North Thurston*

8    *School District*, 3:13-cv-05488-RBL.

9        Snell contends that the doctrine of *res judicata* prohibits the defendants from re-litigating

10   liability in this separate lawsuit for damages. The school district and Dr. de Give argue that the

11   ALJ's decision should have no preclusive effect on this lawsuit. They argue that claim preclusion

12   does not apply because there is no identity of claims , and that issue preclusion does not apply

13   because many of the facts that Snell relies on were not actually litigated or necessarily

14   determined in the prior action.

15                                    **II.    DISCUSSION**

16       Snell contends that she is entitled to summary judgment on liability because all of her

17   claims have already been fully litigated. Summary judgment is appropriate when, viewing the

18   facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact

19   which would preclude summary judgment as a matter of law.  Once the moving party has

20   satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present,

21   by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts

22   showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

23   (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's

1    position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.

2    1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant

3    to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477

4    U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the

5    nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a

6    [decision] in its favor."  *Triton Energy*, 68 F.3d at 1220.

7

8           **A.      The Doctrines of *Res Judicata***

9           The broad term *res judicata* refers to the preclusive effect of prior judgments. When used

10   generally in this manner, *res judicata* encompasses two similar, but distinct, doctrines—the

11   doctrine of claim preclusion and the doctrine of issue preclusion. Confusion can result because

12   *res judicata* is sometimes used to refer only to the doctrine of claim preclusion.

13           The doctrine of claim preclusion, or "true *res judicata*," provides that a final judgment

14   establishes the full measure of relief that a plaintiff is entitled to for his or her claims or causes of

15   action. Wright and Miller, Terminology of Res Judicata, *Federal Practice and Procedure* vol. 18

16   § 4402 (2d ed.) (quoting *Kaspar Wire Works, Inc. v. Leco Engr'g & Mach., Inc.*, 575 F.2d 530,

17   535–536 (5th Cir. 1978). When a final judgment is rendered, the claims that the plaintiff has

18   brought or could have brought are merged into the judgment. After the claims are merged into

19   the judgment, the plaintiff may not seek further relief on those claims in a separate action. *Id.*

20           The doctrine of issue preclusion, or collateral estoppel, has a narrower scope than claim

21   preclusion. Collateral estoppel prohibits re-litigating issues that were actually adjudicated and

22   necessarily decided in a prior litigation between the same parties. *Id.* Collateral estoppel treats

23   contested questions of fact or law as already established if they were essential to the outcome of

24   the previous judgment. *Id.*

25

26

27

28

1      In her motion, Snell uses *res judicata* in the broad sense and does not specifically state

2 whether she is relying on the doctrine of claim preclusion or issue preclusion. Her arguments,

3 and the authority that she cites to support her arguments, however, focus on claim preclusion. As

4 such, this order primarily addresses the applicability of the doctrine of claim preclusion.

5
6      **B.      The doctrine of claim preclusion does not entitle Snell to judgment as a
                 matter of law on liability.**

7      Claim preclusion applies when there is 1) a previous final judgment on the merits; 2)

8 identity of claims; and 3) privity between the parties. *United States v. Liquidators of European*

9
10 *Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). The parties agree that there is a previous

11 final judgment on the merits and privity between them, but they do not agree whether the claims

12 are identical.  Although Snell strongly argues that the claims are identical, she misapprehends the

13 effect that conclusion would have on her current lawsuit. She contends that if the claims are

14 identical, then the defendants cannot challenge liability and she is entitled to judgment as a

15 matter of law. But, in fact, if the claims are identical, then they are merged into the previous

16 judgment and she would not be able to seek additional damages in this second lawsuit. In other

17
18 words, the defendants, not Snell, would be entitled to judgment as a matter of law because Snell

19 would have already received all of the relief that she is entitled to.

20      In any event, claim preclusion does not apply because the claims are not identical. To

21 determine whether there is identity of claims, the following factors must be considered:

22
23      1) Whether rights or interests established in the prior judgment would be
        destroyed or impaired by prosecution of the second action; 2) whether
        substantially the same evidence is presented in the two actions; 3) whether the
24      two suits involve infringement of the same right; and 4) whether the two suits
        arise out of the same transactional nucleus of facts.

25
26 Here, not only will the rights established in the prior proceeding be unaffected by the prosecution

27 of this action, but the two suits do not involve infringement of the same right. The ADA, § 504

28

of the Rehabilitation Act, and the WLAD all provide relief from discrimination. *S.L. ex rel. Mary L. v. Downey Unified Sch. Dist.*, 2014 WL 934942, at 5 (C.D. Cal. 2014). The IDEA, on the other hand, establishes procedural safeguards for parents and students to ensure that children receive a free appropriate public education. *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1095 (9th Cir. 2013). To prevail on her claim for damages, Snell will have to prove elements that she did not have to prove during the IDEA litigation, including discrimination. Because the claims are not identical, claim preclusion does not apply.

> **C.    The ALJ's finding that the school district violated the IDEA does not necessarily mean that it also violated the ADA, Section 504 of the Rehabilitation act, or the WLAD.**

Although not explicitly argued under collateral estoppel, Snell does contend that the ALJ's determination that the school district did not provide S.Y. with a FAPE as required by the IDEA compels a finding that it also violated Section 504 of the Rehabilitation Act. Like the IDEA, § 504 entitles students to a free appropriate education. Although the FAPE requirements in the IDEA and § 504 are similar, they are not identical. *Mark H. v. Lemahieu*, 513 F.3d 922, 933 (9th Cir. 2008). Adopting a valid IDEA Individualized Educational Program is sufficient to satisfy the § 504 FAPE requirements, but it is not necessary. *Id.* (citing 34 C.F.R. § 104.33(b)(2)). Consequently, plaintiffs cannot obtain damages under § 504 simply by proving that the IDEA FAPE requirements were not met. *Id.* Thus, the ALJ's determination that the school district violated the IDEA does not mean that Snell is entitled to damages under § 504 as a matter of law.

### III.    CONCLUSION

The ALJ's determination that S.Y. did not receive a FAPE under the IDEA does not entitle her to judgment as a matter of law on liability in this suit for damages. The claims asserted in this lawsuit are distinct from the claims previously adjudicated. To prevail on her

1  claim for damages, Snell will have to prove elements that she did not have to prove to prevail on

2  her IDEA claim. Additionally, defenses may be available to the defendants in this lawsuit that

3  were not available to them in the previous litigation. Plaintiffs' motion for partial summary

4  judgment is denied.

5          IT IS SO ORDERED.

6          Dated this 21st day of August, 2015.

7

8

9          _____

10                 Ronald B. Leighton
                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28