HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDY SNELL,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTH THURSTON SCHOOL DISTRICT,<br><br>        Defendant. | CASE NO. C13-5786 RBL<br><br>ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES<br><br>[DKT. #108] |

THIS MATTER is before the Court on Plaintiff Wendy Snell's Motion for Attorneys' Fees [Dkt. #108]. Snell sued Defendant North Thurston School District claiming the District unlawfully discriminated against her daughter (S.Y.) by failing to accommodate her disabilities. On August 28, 2015, the District made a Rule 68 Offer of Judgment for $50,000 plus reasonable attorneys' fees and costs. Snell rejected this offer and went to trial. After a six-day trial, the jury found for the District on the Washington Law Against Discrimination (WLAD) claim, but found for Snell on her Americans with Disabilities Act (ADA) and Rehabilitation Act claims and awarded $35,000 in damages. Snell argues that because she prevailed on the ADA and

Rehabilitation Act claims, that she is entitled to attorneys' fees. Snell seeks $150,085.80 in fees and costs.[1]

Defendant North Thurston School District does not contest that Snell is the prevailing party, but argues that the fees sought by Snell are unreasonable. The District asserts the amount of time spent on this case by Snell's attorney is unreasonable given her familiarity with the case from the previous administrative proceeding. The District also contends that the degree of success obtained does not justify the fee award requested. Finally, the District disputes the reasonableness of the hourly rates and certain expenditures by Snell's legal team.

**I. DISCUSSION**

**A. Fee Request.**

Snell, through her attorney Susan Mindenbergs, seeks $150,085.80 in fees and costs. Snell requests $146,085.80 in fees accrued prior to the District's Rule 68 Offer of Judgment.[2] Snell requests an additional $4,000 in fees incurred preparing the Motion for Fees and Costs. Snell's fee request is summarized in the table below:

| Attorney | Hourly Rate | Hours (Prior to Rule 68 Offer) | Hours (Motion for Fees) | Total |
|---|---|---|---|---|
| Susan Mindenbergs | $400 | 324.38 | 4.0 | $131,352.00 |
| Irene Calvo (Paralegal) | $150 | 58.6 | 4.0 | $9,390.00 |
| Jeffrey Needle | $450 | | 4.0 | $1,800.00 |

---

[1] This Court previously awarded Snell $184,833.20 in fees and costs after she prevailed on her IDEA claim before the ALJ. *See Snell v. North Thurston School District*, 13-CV-5488-RBL, [Dkt. #26].

[2] Snell erroneously identifies the date of the Rule 68 Offer of Judgment as October 31, 2015, but this appears to be a typographical error. [Dkt. #109 at 4]. The correct date of the District's offer is August 28, 2015.

[DKT. #108] - 2

|  |  |  |  |  |
|---|---|---|---|---|
| Other Costs |  |  |  | $7,543.80 |
| **Total Fee and Cost Request** |  |  |  | $150,085.80 |

**B. Snell is the prevailing party and is entitled to an attorneys' fee award.**

Both the ADA and the Rehabilitation Act provide the Court with discretion in awarding attorneys' fees to the prevailing party. *See* 42 U.S.C. § 12133; 29 U.S.C. § 794a. The District does not dispute that Snell prevailed on her ADA and Rehabilitation Act claims.[3] Nevertheless, the $35,000 in damages awarded by the jury is less than the District's Rule 68 Offer of Judgment ($50,000 plus reasonable attorneys' fees and costs) made prior to trial. [Dkt. #113 at 6-9]. "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff—although technically the prevailing party—has not received any monetary benefits from the post-offer services of his attorney." *Marek v. Chesny*, 473 U.S. 1, 11, (1985) (holding defendant not liable for costs incurred after the unaccepted offer of settlement). Because the jury's verdict was less than the District's settlement offer, Snell cannot recover fees and costs incurred after the offer was tendered on August 28, 2015.

---

[3] It is worth noting that in Washington, a party does not "prevail" when the party obtains a jury verdict for less than a Rule 68 Offer of Judgment. *See Tippie v. Delisle*, 55 Wash. App. 417, 421, 777 P.2d 1080 (1989) ("In our judgment, the party who rejects a CR 68 offer and finally obtains a judgment less than the offer cannot be considered a "prevailing party"). *Tippie*, however, applied to a state law claim, and the School District does not contest that Snell prevailed here.

[DKT. #108] - 3

**C. Determination of a reasonable fee.**

Mindenbergs asserts that she reasonably spent 324.38 hours to litigate the case prior to the Rule 68 Offer of Judgment. The District argues that Mindenbergs spent an unreasonable amount of time on the case, given the straightforward nature of the claims and the fact that the case was in many ways a re-run of the preceding administrative hearing. The District also contends that Mindenbergs and Calvo's use of "block billing" makes it is difficult to ascertain whether time spent on particular tasks is reasonable. The District argues that the Court should disallow time spent by Mindenbergs on unsuccessful motions because it did not advance her client's claims. Finally, the District argues that the large fee request is not justified by the jury's verdict.

The initial step in determining a reasonable fee is to calculate the lodestar figure, by taking the number of hours reasonably expended on the litigation and multiplying it by the appropriate hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude overstaffed, redundant, or unnecessary time. *Id.* at 434. The Court must also consider the extent of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id.* at 440.

After determining the lodestar figure, the court should then determine whether to adjust the lodestar figure up or down, based on factors not subsumed in the lodestar figure. These factors[4] were adopted in this Circuit by *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70

---

[4] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the

1 (9th Cir. 1975) *cert. denied*, 425 U.S. 951 (1976). The applicability of the sixth (whether the fee
2 is fixed or contingent) and tenth (the "undesirability" of the case) *Kerr* factors is doubtful after
3 *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Davis v. City & County of San*
4 *Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345
5 (9th Cir. 1993) (fixed vs. contingent nature of fee is not to be considered). Additionally,
6 numerous courts have subsequently held that the bulk of these factors are subsumed in the
7 lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).

   1. Block Billing

The District argues that the Court should reduce Snell's requested fee award due to Mindenbergs' use of block billing. It claims it cannot ascertain how much time the attorney and paralegal expended on specific tasks, and that there is therefore no way to establish whether the amount of time spent was reasonable. District courts have the authority to reduce hours billed in block format. *See Welsh v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Although the practice of block billing is not optimum, the Court declines to apply an across-the-board reduction in hours based only on the block billing.

Nonetheless, there are tasks for which the Court will not award fees. Snell's Motion for Partial Summary Judgment [Dkt. #22] argued that the ALJ's determination that the District denied S.Y. a free appropriate public education entitled her to judgment as a matter of law on liability, and that the only thing for the jury to consider in this case was damages. Snell contended the doctrine of *res judicata* precluded the District from re-litigating liability.[5] The Court denied this motion, concluding claim preclusion did not apply because the claims asserted

---

professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).
   [5] While Snell fashioned her argument as *res judicata*, the argument is more accurately described as claim preclusion. *See* Dkt. # 40 at 4-5.

in the administrative hearing were distinct from the claims asserted in this lawsuit. *See* Dkt. #40. The Court will not reproduce its order here, but Snell's argument lacked merit. Because this argument did not further Snell's case, the Court will not award fees for hours related to the Motion for Partial Summary Judgment or for *res judicata* research.

Snell's attorney used block billing on these tasks, and the Court cannot discern how much time was spent on the unsuccessful Motion for Partial Summary Judgment versus other tasks on several days. Here, the use of block billing necessarily results in a reduction of hours for certain activities that may have otherwise been compensable had Mindenbergs billed by specific tasks. By the Court's math, Mindenbergs spent 116.88 hours preparing, researching, drafting, and editing the Motion and the reply between April 30, 2015 and June 19, 2015. *See* Dkt. #109 Ex. A at 7-8. Accordingly, the Court reduces the lodestar figure by 116.88 hours.

The Court further reduces Mindenbergs lodestar by 4.2 hours for work occurring on August 31, 2015, after the District's settlement offer. *See* Dkt. #109 Ex. A at 10. Because the jury's verdict was less favorable than the District's settlement offer, Snell is not entitled to any fees incurred after August 28, 2015. Fed. R. Civ. P. 68(d).

2. Duplicative and Clerical Work

The District argues that the fee request is excessive in light of Mindenbergs preexisting familiarity with the case from the preceding administrative hearing. While the Court will not award fees that are redundant, *See Hensley*, 461 U.S. at 434, it does not find Mindenbergs time spent on depositions and discovery unreasonable.

There is duplicative or clerical work performed by paralegal Irene Calvo, and thee Court will not award fees for that. Calvo's declaration contains entries for certain paralegal costs that were already compensated by the award of fees in the IDEA claim. Both of Calvo's declarations contain identical line items for November 13, 2013, and overlapping items for December 6,

1    2013. *See* 13-CV-5488-RBL Dkt. #25 Ex. A at 9; 13-CV-5786-RBL Dkt. #110 Ex. A at 4-5.

2    Calvo's lodestar is reduced by two hours for the duplicative November 13 and December 6 fee

3    entries.

4          The District also contests as not compensable certain clerical work performed by Calvo.

5    The Court agrees that clerical tasks such as filing, scheduling, and maintaining files, are usually

6    part of the overhead charged in an attorney's hourly rate and are not recoverable. *See Sheffer v.*

7    *Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003). As was the case with

8    Mindenbergs' billing, because Calvo block bills, it is not possible to determine how much time

9    was spent on clerical tasks versus compensable activities on certain days. The Court determines

10   that approximately 7.6 hours of Calvo's time appears attributable to tasks that are clerical in

11   nature, and reduces this aspect of her hour request accordingly.

12       3.  <u>Degree of Success</u>

13         Additionally, the District argues that the fees sought are disproportionate to the damages

14   awarded by the jury. Snell contends that attorneys' fees in civil rights cases need not be

15   proportionate to the amount of compensatory damages recovered. At trial, Snell's attorney asked

16   the jury for more than $600,000 in damages, but the verdict was just $35,000. The fees Snell

17   seeks are over four times the amount of damage award.. Nevertheless, while the verdict was

18   substantially less than Snell sought and less than the District offered in settlement, "Congress did

19   not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining

20   substantial monetary relief." *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986); s*ee also Fair*

21   *Housing of Marin v. Combs*, 285 F.3d 899, 908 (9th Cir. 2002) (affirming award of attorneys'

22   fees more than five times the amount of compensatory and punitive damages awarded by the

23   jury). The Court declines to reduce the fee award solely based on the amount of the jury's

24   verdict.

Although Snell did not prevail on her WLAD claim, the Court also declines to reduce the fee award because the WLAD claim and the ADA/Rehabilitation Act claims have a common core of facts and are based on related legal theories.

**D. Reasonable Hourly Rate.**

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The Court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The District argues that a reduction in the fee award is also warranted because Mindenbergs' hourly rate has gone up since her prior fee award in the IDEA claim from just last year. Snell contends that her hourly rate of $400, and the rate of her paralegal ($150) is reasonable, which she supports with the Declaration of attorney Jeffrey Needle.

This case represents the second round of attorneys' fees awarded to Snell. Snell recovered $184,833.20 in fees after prevailing on her IDEA claim against the District in 2014. *See Snell v. North Thurston School District*, 13-CV-5488-RBL [Dkt. #26]. At the time of that fee award, Snell's hourly rate was $375, and her paralegal's rate was $125 per hour. The Court takes note of four different hourly rates (two each) for Mindenbergs and Calvo even though the time period of work (and much of the work itself) overlaps on Snell's IDEA complaint and this lawsuit. *See* 13-CV-5488-RBL [Dkt. #21] (listing an hourly rate of $375 for Mindenbergs and $125 for Calvo); *cf.* 13-CV-5786-RBL [Dkt. #109] (listing an hourly rate of $400 for

Mindenbergs and $150 for Calvo). The Court is not convinced that such an increase is justified. Accordingly, the Court reduces the reasonable fee of Mindenbergs to $375 per hour, her paralegal to $125 per hour, and Jeffrey Needle to $425 per hour, the same rates that the Court deemed appropriate in its fee award last year.

## II. ADJUSTMENTS

Consistent with the discussion above, the Court makes the following adjustments to the requested fee award:

- It reduces the hourly rate of Mindenbergs, Calvo, and Needle to $375, $125, and $425, respectively.
- It reduces Mindenbergs hours by 121.08 hours.
- It reduces Calvo's hours by 9.6 hours.

| Attorney | Hourly Rate | Hours (Prior to Rule 68 Offer) | Hours (Motion for Fees) | Total |
|---|---|---|---|---|
| Susan Mindenbergs | $375/hour | 203.3 | 4.0 | $77,737.50 |
| Irene Calvo, Paralegal | $125/hour | 49 | 4.0 | $6,625.00 |
| Jeffrey Needle | $425/hour |  | 4.0 | $1,700.00 |
| Other Costs |  |  |  | $7,543.80 |
| **TOTAL** |  |  |  | $93,606.30 |

### III. CONCLUSION

For these reasons discussed above, Snell's fee award request is reduced to for duplicative, clerical, and unsuccessful work. The Court awards Snell **$93,606.30** in fees.

IT IS SO ORDERED.

Dated this 14th day of December, 2015.

_____
Ronald B. Leighton
United States District Judge